**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **VIGILOS, LLC** | |
| **Plaintiff,** | **Civil Action No. 2:10-cv-180-DF** |
| **v.** | |
| **CISCO SYSTEMS, INC.,** *et al.* | |
| **Defendants.** | |

## DISCOVERY ORDER

In accordance with the Court's Order of September 15, 2011 (D.I. 89), Rule 26(f)(3) of the Federal Rules of Civil Procedure, and Patent Rule 2-1(a), it is hereby ORDERED that the following discovery order is in effect until further order of this Court:

**I.     Initial Disclosures.** Initial disclosures are to be exchanged on November 14, 2011.

**II.     Discovery Limitations.**  Discovery is limited in this cause to the disclosures described in Paragraphs I-II together with:

**A.     Interrogatories**

Each side is permitted fifteen (15) common interrogatories.  A common interrogatory, when served by Plaintiff, is an interrogatory served on all Defendants by Plaintiff.  A common interrogatory, when served by Defendants, is an interrogatory served on Plaintiff by all Defendants.  Plaintiff may serve up to ten (10) additional individual interrogatories to each defendant.  Each defendant may individually serve up to ten (10) additional interrogatories.

**B.     Requests for Admission**

Each side is permitted to serve 20 common requests for admission for issues other than authentication of documents.  A common request for admission, when served by Plaintiff, is a request for admission served on all Defendants by Plaintiff.  A common request for admission, when served by Defendants, is a request for admission served on Plaintiff by all Defendants.  Plaintiff may serve up to 20 additional individual requests for admission for issues other than authentication on each defendant.  Each defendant may serve up to 20 additional individual

requests for admission on Plaintiff for issues other than authentication.  Each side is permitted an unlimited number of requests for admission for authentication of documents.

###    C.    Requests for Production

With the exception of email requests for production, each party may serve an unlimited number of requests for production.  Each side shall limit its email production requests to a total of 5 custodians per producing party.  Each side shall also limit its email production requests to a total of 10 common and 10 separate search terms per custodian.  A common search term is a search term to be searched across all the specified custodians.  Broad, non-specific search terms are not allowed unless included with an appropriate narrowing term and the parties will work together on modifying search terms as necessary.  Should review of the produced emails or other discovery indicate a need for further email discovery (*e.g.*, additional custodians or search terms), the requesting party may request such further discovery from opposing counsel provided there is good cause for such requests under the Federal Rules, in which case, the opposing party shall not unreasonably withhold its consent.  This provision is not meant to prohibit the producing party from arguing against the relevancy of any requested email discovery.

###    D.    Depositions

**Fact Depositions**:  The parties, were unable to agree on the limits for factual depositions.

**Defendants' Position:**

The Federal Rules set a default standard for factual depositions that each party may take 10 depositions, each lasting seven hours in duration; resulting in a total of seventy total hours.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i) and 30(d)(1).  Vigilos requested a 30 hour increase in this default amount.

In the spirit of cooperation, Defendants are willing to agree to Vigilos's proposal; however Defendants are concerned about Vigilos using the additional time Defendants are willing to give against a single Defendant.  Vigilos should not be allowed to aggregate discovery because of the number of parties it has sued and then use the aggregated numbers against one Defendant.  Therefore, Defendants counter propose that the discovery against a single Defendant

is limited to 50 hours, however, Vigilos could have two additional depositions than contemplated by the Federal Rules against that single Defendant.

At this time, Defendants also believe that the named inventors of the asserted patent are likely the most important witnesses they will wish to depose in this case. Defendants have requested that the Defendants be allowed to increase the default deposition time for three of these inventors to ten hours. Defendants believe this request is reasonable due to the importance of these witnesses and due to the Vigilos's proposal to increase the deposition time per side to 100 hours.

For these reasons, Defendants propose that each side may have up to 100 hours of oral depositions, but (i) of that time no more than 50 hours may be used by Vigilos against a single Defendant, and not more than 12 depositions (Rule 30 and 30(b)(6)) can be taken against a single Defendant, and (ii) Defendants may increase the deposition time for three of the named inventors by three hours each. In the alternative, Defendants propose that the default limits (10 depositions, 7 hour days) under the Federal Rules apply.

**Vigilos's Position:**

Vigilos proposes that each side have up to 100 hours of oral depositions to allocate as they see fit. Defendants' proposal unnecessarily risks prejudicing Vigilos with no counterbalancing risk to defendants. For instance, defendants would limit Vigilos to 50 hours per defendant, yet maintain their own ability to spend 100 hours entirely on Vigilos. They suggest that offering Vigilos an additional two depositions ameliorates this unfairness. But all that means is that Vigilos would have less time to spend per deposition. It is nothing more than a suggestion to slice the pie differently. And Defendants' own conduct demonstrates that their proposal is premature and arbitrary. They imply that Vigilos will need no more than 50 hours and 12 depositions. Yet during the parties' negotiations of this Discovery Order, defendants argued that they did not have sufficient information to identify relevant witnesses. It is unclear how they can believe that certain caps will be sufficient when they supposedly do not know how many relevant witnesses they will identify. Defendants' concern that Vigilos will allocate its

entire 100 hours to a defendant is also overstated because, for instance, it overlooks the fact that Vigilos will likely need to allocate some of its time to third-party discovery.

As for inventor depositions, the inventors are not parties to this case and have pre-existing obligations, beyond even their day-to-day work responsibilities, outside of this litigation. It would be unfair to subject them to 10 hours of deposition, which would require at least two days out of their schedules.  And additional time is not necessary.  There is only one patent-in-suit and four inventors available to testify about that patent.  Their testimony will overlap and much may be redundant, suggesting that 10 hours, and possibly even the 7 proposed by Vigilos, will be more than necessary.  Also, defendants' contention that they should be given additional hours for the inventors because they agreed to limit the total deposition time per side to 100 hours makes no sense.  Defendants never suggested that the total deposition time is too little, and if that is in fact their position, Vigilos would agree to additional time for each side.

**E.     Expert Depositions:**  The parties shall meet and confer regarding the limits for expert depositions at a later time.

**F.     Draft Expert Reports**

Drafts of expert reports, declarations, and notes created by or for an expert in connection with the preparation of his/her expert report or declaration shall not be discoverable and need not be preserved unless the expert relies upon such drafts and/or notes and such reliance is made explicit in the expert's report, declaration, or testimony. Communications between a party's attorney and such party's testifying expert or the testifying expert's staff will not be discoverable and need not be preserved unless the expert relies upon such communications and such reliance is made explicit in the expert's report, declaration or testimony. Work product materials, including communications generated in connection with non-testifying experts and consultants need not be logged on a privilege log and shall not be discoverable absent an order from the Court.

**G.     Withheld Document Logs**

5

Documents protected from discovery under the attorney-client privilege and/or work product immunity created on or after the filing of the Complaint in this case need not be identified on a party's withheld document log.

## III.    Mediator.

The parties shall attempt to agree upon a mediator, and submit the name and address of the agreed-upon mediator to the Court no later than February 1, 2012.  If the parties cannot agree on a mediator, the parties shall submit the names and addresses of two (2) proposed mediators to the Court, and shall agree to mediate their dispute before a mediator appointed by the Court.  The Court may appoint a mediator that was proposed by either party or the Court may appoint a mediator who has not been proposed by either party.

## IV.    Protective Order.  The parties shall submit a Joint Proposed Protective Order to the Court by November 14, 2011.  If the parties are unable to come to agreement, they shall submit competing motions detailing specific areas of both agreement and disagreement as well as a proposed order.  Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

## V.    Docket Control Order Disputes

### A.    Opening Expert Reports, Rebuttal Expert Reports and Close of Fact Discovery

The parties were unable to agree on a deadline to provide Opening/Rebuttal expert reports and the close of fact discovery.

**Defendants' Position:**

Defendants' position is that the Opening Reports, Rebuttal Reports and Close of Fact Discovery are triggered off the Court's *Markman* Order, however, in the event the parties do not receive a *Markman* ruling, the parties would have a date certain to provide reports and close fact discovery, before the deadline for dispositive motions.  Defendants' proposal is the following:

Opening Reports: 30 days after the *Markman* Order but no later than February 1, 2013

Rebuttal Reports: 21 days after Opening Reports but no later than February 22, 2013

Fact Discovery Deadline: 70 days after the *Markman* Order but no later than March 5, 2013.

**Vigilos's Position:**

It is premature and arbitrary to impose dates certain for expert discovery and the close of fact discovery.  Instead, Vigilos proposes what it believes is the Court's general practice of pegging the deadlines to the date of the Court's *Markman* ruling (which are the same as defendants' but for the dates certain):

Opening Reports: 30 days after the *Markman* Order

Rebuttal Reports: 21 days after Opening Reports

Fact Discovery Deadline: 70 days after the *Markman* Order

Instead of defendants' arbitrary dates certain, the better way to address the uncertainty of when there will be a *Markman* ruling, or any number of other uncertain case events, is simply to remain open to later discussions between the parties and Court to adjustments to the schedule if necessary.

**SIGNED this 20th day of October, 2011.**

_____

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE