United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIGILOS, LLC,

    Plaintiff,

  v.

FORA CARE INC.,
FORESIGHT IMAGING, LLC,
INTEL CORPORATION,

    Defendants.

No. C 11-06240 WHA

**ORDER DISMISSING ALL DEFENDANTS EXCEPT FORA CARE INC. FOR MISJOINDER UNDER FRCP 21**

Plaintiff Vigilos, LLC filed this patent-infringement action in the Eastern District of Texas, naming six defendants and accusing each of infringing the same patent. Claims against three of those defendants were transferred to the undersigned judge. An order to show cause why the action should not be severed for misjoinder was issued. In response to the order to show cause, plaintiff Vigilos, LLC and defendant Foresight Imaging, LLC stipulated to dismiss without prejudice. Defendant Intel Corporation agreed that the action should be severed for misjoinder. Defendant Fora Care Inc. did not respond. And plaintiff Vigilos requested that Intel be the sole remaining defendant in this action.

United States District Court
For the Northern District of California

1  The defendants are unrelated companies that operate unrelated healthcare services.
2  Significantly, they are not alleged to have acted in concert to infringe plaintiff's asserted patent.
3  They share no common transaction or occurrence.

4  As set forth in FRCP 20(a)(2), multiple defendants may be joined together in one action if
5  "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect
6  to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
7  (B) any question of law or fact common to all defendants will arise in the action." In situations of
8  misjoinder and nonjoinder of parties, FRCP 21 provides that "[o]n motion or on its own, the court
9  may at any time, on just terms, add or drop a party."

10  Proof of infringement necessarily would require proof of facts specific to each individual
11  defendant and to each accused product. The mere fact that the different defendants all operate
12  healthcare services does nothing to obviate the bone-crushing burden of individualized methods
13  of proof unique to each product. Factual differences will require separate discovery, evidence,
14  and proof. Each defendant has simply been thrown into a mass pit with others to suit plaintiff's
15  convenience. In this connection, the accused defendants — who will surely have competing
16  interests and strategies — also are entitled to present individualized assaults on questions of
17  noninfringement, invalidity, and claim construction. Additionally, the damages issues, wilfulness
18  issues, time frames, accused conduct, and discovery issues will obviously vary from company to
19  company. Whatever common issues may exist from product to product will be overwhelmed by
20  the individual issues of claim construction, damages, wilfulness, and discovery supervision.

21  For the foregoing reasons, pursuant to a finding of misjoinder under FRCP 21, all
22  remaining defendants except Fora Care, the first-named defendant, are **DISMISSED**. This
23  dismissal is without prejudice to the claims being re-filed as separate actions against the different
24  defendants.

25  If the actions are re-filed in this district, the undersigned judge would be willing to
26  consider motions to relate. In order to decide motions to relate, the parties would have to identify
27  which specific patent *claims* are being asserted against each defendant, including the sole
28  remaining defendant in this action, Fora Care. If different claims are being asserted, the parties

would need to explain how the asserted claims overlap. The parties also would need to explain the nature of the allegedly infringing products or systems. It would not be sufficient to give only the names of the allegedly infringing products. A full description of how the allegedly infringing products operate would be needed.

**IT IS SO ORDERED.**

Dated: January 31, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3